## BELKNAP & CO. *v.* JOHN C. ROBINSON, ET AL.

**Sheriff—Duty—Presumption of Law.**

The law presumes that the sheriff, in setting aside a defendant's homestead as an exemption, did his duty, and the burden is on one charging failure of duty to establish such charge.

### APPEAL FROM BOYLE CIRCUIT COURT.

January 6, 1875.

OPINION BY JUDGE LINDSAY:

The qualification to the first section of the homestead act, to the effect that the exemption should not apply to debts or liabilities existing prior to the purchase of the land sought to be sold, does not apply in a case where the land has been acquired by devise. Taking realty under a will is, technically speaking, acquiring the title by purchase; but when the reason of the qualification is considered, it is evident that the legislature intended the term "purchase" to receive its general, and not its technical legal signification. The object was to prevent debtors from converting means that ought to be applied to the payment of existing debts, into realty that would be exempted therefrom, under the act in question. It was not necessary that appellant should make proof that he was a bona fide housekeeper with a family. The sheriff, in the discharge of his duty under appellant's executions, had set apart to him the lots and buildings. This suit was instituted to set aside, or rather to disregard, the act of the sheriff. The presumption of law is that the sheriff acted according to the provisions of the statute. The onus is upon appellants to overcome this presumption by proof.

They failed to offer any proof on the subject, and the chancellor properly adjudged in favor of the regularity of the sheriff's action.

Judgment *affirmed.*

*Vanwinkle & Rodes, for appellants.*
*C. H. May, for appellees.*